IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

D.E. BOSWELL   :   CIVIL ACTION
:
:
   v.   :
:
CSX TRANSPORTATION, INC., *et al.* :   NO. 05-1653

**MEMORANDUM**

Fullam, Sr. J.                                                    January 18, 2011

       In this FELA case, the plaintiff alleges that he developed bilateral carpal tunnel syndrome while working for Conrail and CSX. The defendant has moved for summary judgment, arguing that the plaintiff filed suit too late.

       There is no dispute that the complaint was filed on April 8, 2005, and that the statute of limitations is three years, 45 U.S.C. § 56; thus, the cause of action cannot have accrued before April 8, 2002. It is also undisputed that the plaintiff was diagnosed with carpal tunnel syndrome in 2002 (although he did not have surgery until 2007); the defendants argue that before his diagnosis the plaintiff was experiencing weakness in his hands that he knew or should have known was caused by the tools he used at work.

       For injuries that occur over time, such as the plaintiff's, the specific date of injury is difficult to determine. The Supreme Court has held that "when the specific date of injury cannot be determined because an injury results

from continual exposure to a harmful condition over a period of time, a plaintiff's cause of action accrues when the injury manifests itself." Urie v. Thompson, 337 U.S. 163, 170 (1949). The plaintiff bears the burden of proof at trial, but to prevail on the motion for summary judgment the defendants must show the absence of a genuine issue of material fact as to whether the plaintiff knew or should have known of the existence and cause of the injury before April 8, 2002. McCain v. CSX Transp., Inc., 708 F. Supp. 2d 344, 347-48 (E.D. Pa. 2010).

The plaintiff testified in his deposition that he underwent testing after a union meeting "somewhere in the time period" of March of 2002 and received a report diagnosing carpal tunnel syndrome dated April 12, 2002. Dep. at 16. At the time of the testing the weakness in his hands did not bother the plaintiff, and he did not know if it was arthritis. Dep. at 16-17. Many of the questions posed in the deposition asked what the plaintiff knew in 2002; but because the critical date for the statute of limitations is April 8, 2002, these questions are not specific enough to help determine whether the action was timely.

The defendants also point to a 2007 medical report in which the doctor wrote that the plaintiff "had similar problems seven years ago and was diagnosed with mild carpal tunnel syndrome." Ex. D (report of Dr. Hornback). This notation does not establish as a matter of law that the plaintiff knew of his

2

injury in 2000 (seven years before the doctor's visit), especially when the record is clear that the diagnosis was made in 2002, not 2000.  The plaintiff will have to prove at trial that he did not file this case too late, but the evidence produced with the motion for summary judgment does not establish as a matter of law that he cannot do so.

    An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,    Sr. J.